UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
F.K. and P.K., individually, and on behalf
of their Child, A.K., a minor,

                           Plaintiffs,                   **REPORT AND**
                                               **RECOMMENDATION**
        -against-                       CV 25-1495 (JMA)(AYS)

LEVITTOWN UNION FREE SCHOOL DISTRICT,

                           Defendant.
-------------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

Plaintiffs F.K. and P.K., both individually and as the parents of minor A.K. (collectively "Plaintiffs"), bring this action against the Levittown Union Free School District (the "District" or "Defendant"), pursuant to the Individuals with Disabilities Education Act ("the IDEA"). 20. U.S.C. § 1400 et seq., seeking reversal of an administrative decision of a State Review Officer ("SRO") finding that the District provided the student with a free and appropriate education.

Presently before this Court, on referral from the District Court for Report and Recommendation, are the parties' cross-motions for motion for summary judgment. (See Docket Entry ("DE") [23] and [25].) For the reasons set forth below this Court respectfully recommends that the motions be denied without prejudice to renewal.

Plaintiffs commenced this action on March 18, 2025. (See generally Compl., DE [1].) Defendant answered on April 27, 2025 (see DE [12]), and an initial conference was held on October 14, 2025. (DE [21]; Scheduling Order dated 10/14/2025.) During the initial conference the parties agreed that discovery was unnecessary, and counsel was advised to initiate dispositive motion practice. (See Scheduling Order dated 10/14/2025.)

1

On October 14, 2025, the parties submitted a joint proposed scheduling order to the District Court. (DE [19].) The proposed scheduling order set forth the parties' agreement that they sought de novo review of the SRO's decision and proposed to cross-move for Judgment on the Administrative record. (Id.) Both parties also jointly requested "to be excused from providing Rule 56.1 statements, which increase the cost to both sides and no serve no clear function n IDEA appeals." (Id.) On November 13, 2025, Judge Azrack so ordered the parties' joint proposed briefing schedule. (See order dated 11/13/2025.)

After granting requests for extensions, the motions were fully briefed on February 13, 2026. (DE [23] and [25].) On April 29, 2026, the motions were referred to this Court for Report and Recommendation. (See Order Referring Motions dated 04/29/2026.)

"IDEA actions generally are resolved by summary judgment." S.H. v. N.Y.C. Dep't of Educ., No. 10-CV-1041, 2011 WL 666098, at *2 (S.D.N.Y. Feb. 15, 2011). Unlike typical summary judgment motions, however, in an IDEA action, "the procedure is in substance an appeal from an administrative determination, not a summary judgment." Ferreira v. Aviles-Ramos, 120 F.4th 323, 328 n.2 (2d Cir. 2024) (quotation marks omitted). Because of this, "unlike in an ordinary summary judgment motion, the existence of a disputed issue of material fact will not necessarily defeat the motion." Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M., No. 16-CV-3924, 2017 WL 2656253, at *7 (S.D.N.Y. June 20, 2017), aff'd 744 F. App'x 7 (2d Cir. 2018) (summary order).

The IDEA provides a federal right of action for "[a]ny party aggrieved by the findings and decisions" of a final administrative body, such as the IHO in the present case. See 20 U.S.C. § 1415(i)(2)(A). The IDEA further mandates that a reviewing court:

(i) shall receive the records of the administrative proceedings;
(ii) shall hear additional evidence at the request of a party; and

(iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

Id. § 1415(i)(2)(C). "The Supreme Court has noted that the IDEA's requirement that the reviewing court receive the records of the administrative proceedings 'carries with it the implied requirement that due weight shall be given to these proceedings.'" Ferreira, 120 F.4th at 332 (quoting Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206 (1982)). "Significantly, '[a] court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies.'" Davis v. Banks, No. 22-CV-8184, 2023 WL 5917659, at *3 (S.D.N.Y. Sept. 11, 2023) (quoting Hidalgo v. N.Y.C. Dep't of Educ., No. 20-CV-98, 2021 WL 2827037, at *5 (S.D.N.Y. July 7, 2021)).

Here, neither party has submitted Rule 56.1 Statements in connection with the instant motions. Thus, the parties have failed to comply with Local Rule 56.1 and rule IV.E of Judge Azrack's individual rules, which provides a basis to deny all the parties' motions. Suares v. Cityscape Tours, Inc., 603 F. App'x 16, 17 (2d Cir. 2015) (affirming district court's denial of motion for summary judgment based on failure to comply with Local Rule 56.1) (summary order). At summary judgment, the moving party must establish in its Rule 56.1 Statement that there are no disputed issues of material fact and support its statements with admissible evidence; the non-moving party must proffer, in a Counter 56.1 Statement, factual statements supported by admissible evidence sufficient to raise a genuine dispute of material fact for trial. Under Local Rule 56.1(b), "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." The Second Circuit has emphasized that this requirement is mandatory. See Monahan v. New York City Dep't of Corr., 214 F.3d 275, 292 (2d Cir. 2000) ("In the Southern and Eastern Districts of New York, a party opposing a motion for summary judgment *shall* file a

short and concise statement of the material facts in dispute accompanied by citation to evidence which would be admissible.”). “Local Rule 56.1 is designed to place the responsibility on the parties to clarify the elements of the substantive law which remain at issue because they turn on contested facts.” Id.

While the parties jointly requested to be excused from the Rule 56.1. Statement requirement, due to the alleged “expense” of preparing such statements and the fact that, in counsels’ opinion, Rule 56.1 Statements “serve no clear function in IDEA appeals.”  (DE [19].) No excusal was ever granted. The November 13, 2025, order states only that “[t]he joint proposed schedule found at DE 19 is SO ORDERED.” (Order dated 11/13/2025.) The order is devoid of any mention of the parties’ request to be excused from the Rule 56.1 Statement requirement. Further, the docket reflects that counsel failed to follow-up for clarification regarding their excusal request. It is clear, therefore that counsel were never excused from the requirement of accompanying their motion papers with the required 56.1 statements.

The Court is also troubled by counsel's assertion that the preparation of Rule 56.1 statements is unnecessarily expensive and serves no clear function in appeals brought under the IDEA. The Court vehemently disagrees. Rule 56.1 statements serve an important and practical purpose by identifying the material facts that are asserted to be undisputed, narrowing the issues for decision, and assisting the Court in navigating often lengthy and complex administrative records. The undersigned routinely relies on these statements in resolving IDEA appeals and expects counsel to comply fully with the applicable rules and the Court's orders. Counsel's unilateral view that compliance is unnecessary does not excuse their disregard of those obligations. The Court expects counsel to refrain from substituting their own preferences for the governing procedural requirements in future proceedings

Accordingly, as the record is silent as to the request, and no permission was ever granted excusing the parties from their obligations to comply with the Local Rules, this Court respectfully recommends that the motions be denied, without prejudice to renewal, for failure to comply with Local Rule 56.1.

While not an independent basis for recommending denial of the instant motions, the Court also notes that following referral of the motions, on May 19, 2026, the undersigned issued an order directing counsel to provide courtesy copies of all motion documents on or before June 2, 2026. (See Scheduling Order dated 05/19/2026.) Upon review of the courtesy copies, the Court discovered that the administrative record was not provided. While counsel submitted the administrative record to Judge Azrack upon the filing of the fully-briefed motions, no copy was provided to the undersigned, even after being directed to do so. Counsels' failure to diligently comply with the Court's orders and applicable rules is both concerning and unacceptable.

The Court further notes that counsels' Joint Proposed Scheduling Order, found at docket entry No. 19 (referred to above, in which they include their opinion as to whether or not they need comply with Rule 56.1), is in the same format as the joint letter required by the undersigned for initial conferences. Although the first page is addressed to the District Judge, the header on the subsequent pages identifies the undersigned, suggesting that counsel simply repurposed a prior submission with minimal attention to its contents. This, when considered together with counsel's failure to follow up for clarification, and repeated failure to comply with this Court's orders requiring courtesy copies of all motion papers, reflects a troubling lack of diligence and attention to the Court's directives. Such careless litigation practices are unacceptable and demonstrate a lack of diligence that is inconsistent with counsel's obligations to the Court and the orderly administration of this litigation. Counsels' conduct falls short of the professionalism

5

expected of counsel appearing before this Court. Counsel is cautioned that continued failure to comply with this Court's orders and rules may result in sanctions.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the cross-motions, appearing as Docket Entry No. 23 and 25 herein, be denied without prejudice to renewal upon submission of Rule 56.1 Statements.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
           August 5, 2026

                                                          /s/ Anne Y. Shields
                                                          Anne Y. Shields
                                                          United States Magistrate Judge